Filed 1/25/24  P. v. Durand CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080800 |
| v. | (Super. Ct. No. RIF1403818) |
| PEDRO FRANCISCO DURAND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge. Reversed.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General; Lance E. Winters, Chief Assistant Attorney General; Charles C. Ragland, Assistant Attorney General; Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Pedro Francisco Durand appeals from the trial court's order denying his motion to withdraw his plea and vacate his conviction under Penal Code[1] section 1473.7.  He contends that the trial court erred when it denied his motion for failing to state a prima facie case for relief before a full hearing on the merits.  The People concede this issue.  We agree with the parties, and therefore reverse the trial court's denial order and remand for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

On February 23, 2015, defendant pled guilty to attempted murder under section 187, subdivision (a), and section 664, and was sentenced on March 27, 2015, to the upper term of nine years.  Upon completing this sentence, defendant was taken into federal custody for deportation proceedings.

Using a copy of Judicial Council Form CR-187 dated November 7, 2022, but file-stamped by the trial court on February 27, 2023, defendant moved to vacate his conviction and withdraw his plea.  In his motion, he attested under penalty of perjury that his attorney did not sufficiently advise him of the immigration consequences of his guilty plea.  He argued that, as a result, he did not meaningfully understand the attendant immigration consequences.

The People filed an opposition to defendant's motion.  On February 27, 2023, the matter was called for hearing, at which the trial court denied the motion based on a finding that "no prima facie [case was] made."  Defendant timely appealed this denial.

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

2

We note that defendant's notice of appeal also refers to a denial of a motion to vacate made under section 1016.5; and, in his opening brief, defendant states that he "does contend that section 1016.5 was violated." Despite this, the brief as a whole suggests that this sentence accidentally misstates defendant's position, and he "is not contending on appeal that section 1016.5 was violated." Therefore, we treat this as an appeal of a motion to vacate made solely under section 1473.7.

## DISCUSSION

A. <u>STANDARD OF REVIEW AND APPLICABLE LAW</u>

Defendant filed his motion to vacate his conviction and withdraw his guilty plea under section 1473.7, which permits "[a] person who is no longer in criminal custody" to move to vacate a conviction that was "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) The statute specifically states that "[a]ll motions" are entitled to a hearing. (§ 1473.7, subd. (d).) To prevail on the motion, the moving party must show an entitlement to relief by a preponderance of the evidence. (§ 1473.7, subd. (e)(1).)

A defendant sufficiently proves a prejudicial error by "demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences." (*People v. Vivar* (2021) 11 Cal.5th 510, 529 (*Vivar*).) This showing is assessed under the totality of the circumstances. (*Ibid*.)

The court employs an independent standard of review when examining the denial of a motion under section 1473.7. (*Vivar*, *supra*, 11 Cal.5th at p. 525.) Thus, the court defers to the trial court's credibility determinations but "exercises its independent judgment to determine whether the facts satisfy the rule of law." (*In re George T.* (2004) 33 Cal.4th 620, 634.)

B. <u>THE FEBRUARY 27, 2023 HEARING DID NOT SATISFY THE REQUIREMENTS OF SECTION 1473.7, SUBDIVISION (d)</u>

The record before us indicates that the trial court applied the wrong standard when it ruled on defendant's motion to vacate his conviction. The trial court denied the motion because defendant had not made a "prima facie" case for relief. It prefaced its ruling with the explanation that it had observed "the plea form where [defendant] appears to have initialed and signed the plea form, which specifically advised him of his immigration consequences. So for those reasons, the Court is going to find that [defendant] has not made a prima facie showing that this would be sufficient to have an order to show cause hearing, and so his petition is denied."

4

Certain motions to vacate a conviction, namely those made under section 1172.6, indeed require the court to first find that the moving party made a prima facie showing of entitlement to relief, i.e., a showing that is "sufficient to support the position of the party in question" (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 851); and, only after reaching that finding would the court then issue an order to show cause on the evidentiary merits of the motion. However, a motion to vacate under section 1473.7 is not one such motion. Nowhere does section 1473.7 refer to or suggest a prima facie standard, two-part analysis, or prerequisite finding to qualify for an evidentiary hearing. Instead, the statute requires a hearing and relief is based on a finding of prejudicial error by a preponderance of evidence.

Here, the trial court mistakenly applied a "prima facie" standard rather than a "preponderance of evidence" standard. This application of a "prima facie" standard indicates that the trial court did not weigh the evidence. Its finding that the petition was insufficient to warrant an "order to show cause" invokes the language used in section 1172.6, suggesting that the court instead held a truncated hearing such as those contemplated by section 1172.6, rather than the full evidentiary hearing on defendant's entitlement to relief as is required by section 1473.7.

Hence, defendant is entitled to a new hearing on his motion under the correct standard of proof.

## DISPOSITION

The trial court's order is reversed.  The case is remanded to the trial court for further proceedings in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

6